UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

REX ALLEN UMNEY,
        Plaintiff,        Civil Action No.: 14-13328
                                    Honorable Matthew F. Leitman
v.                                Magistrate Judge Elizabeth A. Stafford

COMMUNITY FINANCIAL
MEMBERS FEDERAL
CREDIT UNION

        Defendant.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR PRELIMNARY INJUNCTION [18]

Plaintiff Rex Allen Umney alleged in his complaint that Defendant Community Financial Members Federal Credit Union ("CFMFCE") discriminated against him with respect to his mortgage application in July 2014, in violation of fair lending regulations and statutes. [R. 1, PgID 2-3]. Umney sought only money damages in his complaint. [*Id.*, PgID 3]. However, he subsequently filed a motion for preliminary injunction, alleging that CFMFCE's actions violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691 ("ECOA"). His motion should be denied.

The essence of Umney's claim is that CFMFCE retaliated by refusing to issue a mortgage in July 2014 because of a past dispute and lawsuit. [R. 18, PgID 54-58]. However, the ECOA governs only discrimination based

upon a suspect classification, such as race, color, religion, or other characteristics that are not related to creditworthiness. § 1691(a)(1); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 406 (6th Cir. 1998). Additionally, retaliation under the ECOA requires a showing that the plaintiff had engaged in activity that was protected under that Act. § 1691(a)(3); *Lewis,* 135 F.3d at 406 (legislative history shows intent to bar retaliatory credit denials against applicants who exercise their rights under the Act).

Here, Umney does not allege that he was denied credit due to a suspect classification, or that he was retaliated against for exercising a right under the ECOA. The origin of the dispute at issue is a claim by CFMFCE that Umney defaulted on the July 2008 loan agreement, a claim Umney subsequently challenged in a lawsuit. [R. 25-2, PgID 113; R. 18, PgID 54-55; R. 25, PgID 104]. In July 2014, CFMFCE denied Umney a loan based upon the prior dispute. [R. 18, PgID 68]. This decision did not violate the ECOA, as the Act "was never intended to eliminate a creditor's right to make a rational decision about an applicant's credit worthiness." *Lewis,* 135 F.3d at 406 (internal quotation marks and citation omitted).

Thus, Umney has no likelihood of success on the merits of his complaint, and his motion for preliminary injunction should be denied. *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997).

## IV.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Umney's Motion for Preliminary Injunction be denied **[R. 18]** be **DENIED**.


Dated: June 9, 2015               s/Elizabeth A. Stafford
Detroit, Michigan                 ELIZABETH A. STAFFORD
                                  United States Magistrate Judge


### **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 9, 2015.

                              s/Marlena Williams
                              MARLENA WILLIAMS
                              Case Manager