UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

REX ALLEN UMNEY,

                    Plaintiff,          Civil Action No.: 14-13328
                                        Honorable Matthew F. Leitman
v.                                      Magistrate Judge Elizabeth A. Stafford

COMMUNITY FINANCIAL
MEMBERS FEDERAL
CREDIT UNION, *et al.*,

                    Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [R. 37]

Plaintiff Rex Umney alleges that defendants Community Financial

Members Federal Credit Union ("CFMFCE") and Community Financial

Credit Union ("CFCU") (collectively "the Credit Union"), discriminated

against him with respect to his July 2014 mortgage application, in violation

of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691.  The

Credit Union moves for judgment on the pleadings or, in the alternative, for

summary judgment.  Because Umney has not alleged a violation of the

ECOA, the Court **RECOMMENDS** that the Credit Union's motion **[R. 37]** be

**GRANTED**.

## I.     BACKGROUND

Umney filed his original complaint against CFMFCE alleging a

violation of the ECOA based on his being denied a mortgage despite his creditworthiness, as evidenced by his pre-qualification for a Fair Housing Act ("FHA") loan. [R. 1]. In March 2015, Umney amended his complaint solely to add CFCU as a defendant. [R. 21]. The Credit Union answered both the original and amended complaint and discovery commenced. [R. 12, 15, 22, 24].

Umney moved for a preliminary injunction, which this Court recommended be denied. [R. 18, 38]. Umney objected, and his objections remain pending. [R. 42].[1]

This Court also struck Umney's motion to amend his complaint for violating the Local Rules, as he did not specify what amendments he sought to make and did not attach a proposed amended complaint. [R. 30, 32]. Umney objected, stating that he only sought to add additional exhibits to his complaint. [R. 34]. His objection remains pending.

Umney moved to extend and compel discovery, stating that he has attempted to receive documents and schedule depositions with defense

---

[1] Umney argues that the Court should wait to consider the Credit Union's motion until his objections to the prior Report and Recommendation have been addressed. However, because the reasons for this Court's recommendation to deny Umney a preliminary injunction are the same reasons the Court presently recommends granting the Credit Union's motion for judgment on the pleadings, the District Court may easily consider both recommendations at the same time.

counsel verbally and in writing.  [R. 28].  The Credit Union responded that Umney has not filed any proper discovery requests pursuant to the Federal Rules of Civil Procedure.[2]  [R. 36].

Presently before the Court is the Credit Union's motion for for judgment on the pleadings and summary judgment, to which Umney has responded.

## II.   LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standards applicable to a motion to dismiss pursuant to Rule 12(b)(6).  *See Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007) ("[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same[.]").

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the statement of the claim must be plausible.  Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

---

[2] This motion is dealt with in a separate Order.  [R. 47]

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.  Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, legal conclusions need not be accepted as true.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Furthermore, the Court is not required to "create a

4

claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).  Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  Indeed, such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

## III.   ANALYSIS

Umney has not alleged a violation of the ECOA.  As noted in this Court's earlier Report and Recommendation, [R. 38], the ECOA prohibits certain discrimination or retaliation in lending.  To make a claim for discrimination under the ECOA, Umney must allege that he was denied credit based on his membership in a suspect class, i.e. based on his race, color, religion or other characteristic not related to creditworthiness, or that he "has in good faith exercised any right under the Consumer Credit

Protection Act." 15 U.S.C. § 1691(a)(1), (3); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998).  Nowhere in his complaint or his other filings does Umney allege to be a member of a suspect class.

Nor has he alleged a plausible claim that he "has in good faith exercised any right under the Consumer Credit Protection Act." 15 U.S.C. §1691(a)(3).  Umney claims that he exercised the "right" to "seek out and obtain an FHA mortgage from a participating FHA lender (the Defendant)." [R. 39, PgID 317].  But that is not a right under the Consumer Credit Protection Act, and he cites no other statute or constitutional provision supporting an affirmative "right" to a mortgage from a specific lender or from any lender.  Furthermore, contrary to his allegations, documents attached to his complaint[3] show he was not prohibited by the Credit Union from pursing an FHA loan, but merely discouraged due to the high costs. [R. 21, PgID 82, email from Credit Union Mortgage Services Vice President ("We could pursue FHA financing but it would not be my suggestion as that

---

[3] *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) ("[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." (citing Fed. R. Civ. P. 10(c))); *Breitmeyer v. CitiMortgage, Inc.*, No. 09-11560, 2009 U.S. Dist. LEXIS 101302, at *10 (E.D. Mich. July 28, 2009) (on motion to dismiss, court not required to accept allegations contradicted by documents referred to in complaint (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998)) *adopted by* 2009 U.S. Dist. LEXIS 101328, 2009 WL 3628005 (E.D. Mich. Oct 30, 2009).

program is quite expensive.")].

Umney further alleges he was exercising his right "in past loan dealing dating back to 2008," referring to a loan the Credit Union made to Umney that resulted in a charging off and litigation to a judgment against him. Umney again fails to cite what statutory or constitutional provision creates this amorphous "right." Moreover, the documents attached to his complaint clearly show that the denial of the mortgage was not in retaliation for Umney's exercising of any protected right, but because he had a "charged off loan" with the Credit Union. [*Id.*, PgID 82, 84]. The Credit Union's denial of credit under these circumstances does not violate the ECOA, as the Act "was never intended to eliminate a creditor's right to make a rational decision about an applicant's credit worthiness." *Lewis*, 135 F.3d at 406 (internal quotation marks and citation omitted). Thus, Umney has not alleged a violation of the ECOA, and his complaint should be dismissed.[4]

As the Court recommends dismissing Umney's complaint based on

---

[4] Umney argues that consideration of this motion is premature due to his pending objections to this Court's striking of his improper motion to amend. However, consideration of the documents he sought to include in his proposed second amended complaint (most of which refer to a prior loan dealing and state court case between the parties) does nothing to rectify Umney's pleading deficiencies, and therefore any delay in determining this motion is needless.

the pleadings alone, it does not reach the Credit Union's other argument that summary judgment is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS GRANTING** defendant Credit Union's motion for judgment on the pleadings.  **[R. 37]**.


Dated: July 22, 2015               s/Elizabeth A. Stafford
Detroit, Michigan                  ELIZABETH A. STAFFORD
                                   United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 22, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
