UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REX ALLEN UMNEY,

      Plaintiff,                           Case No. 14-cv-13328
                                       Hon. Matthew F. Leitman

v.

COMMUNITY FINANCIAL
MEMBERS FEDERAL CREDIT
UNION *et al.*,

      Defendants.

_____/

## ORDER (1) ADOPTING REPORTS AND RECOMMENDATION (ECF ## 38, 46); (2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF ## 43, 48); (3) GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF #37); (4) DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF #18); AND (5) DISMISSING ACTION WITH PREJUDICE

## INTRODUCTION

In this action, Plaintiff Rex Allen Umney ("Umney") alleges that Defendants Community Financial Members Federal Credit Union and Community Financial Credit Union (collectively, "Defendants") violated the Equal Credit Opportunity Act, 15 U.S.C. 1691 *et. seq.* (the "ECOA"). (*See* Frist Amended Complaint, ECF #21.) Specifically, Umney argues that the Defendants discriminated against him in violation of the ECOA with respect to his July 2014 mortgage application. (*See id.*)

1

On March 18, 2015, Umney moved for entry of a preliminary injunction (the "Preliminary Injunction Motion"). (*See* ECF # 18.) Defendants thereafter filed a motion for judgment on the pleadings, or, in the alternative, for summary judgment (the "Motion for Judgment"). (*See* ECF #37.) Both motions were assigned to the Magistrate Judge, who issued reports and recommendations on both motions. The Magistrate Judge first recommended that the Preliminary Injunction Motion be denied (the "Preliminary Injunction R&R"). (*See* ECF #38.) She then recommended that the Motion for Judgment be granted (the "Motion for Judgment R&R"). (*See* ECF #46.) Umney has now objected to both reports. (*See* ECF ## 42, 48.)

For the reasons explained below, the Court **OVERRULES** Umney's objections to the Motion for Judgment R&R and the Preliminary Injunction R&R, **ADOPTS** those reports and recommendation as the Opinion of the Court, **GRANTS** the Motion for Judgment, **DENIES** the Preliminary Injunction Motion, and **DISMISSES** this action with prejudice.

## GOVERNING LEGAL STANDARD

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. *See* Fed. R. Civ. P. 72(b)(3). A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standards applicable to a

motion to dismiss filed pursuant to Rule 12(b)(6). *See Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007) ("[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same").

Rule 12(b)(6) provides for dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

3

## ANALYSIS

In the well-reasoned Motion for Judgment R&R, the Magistrate Judge explained that in order to state a viable claim for "discrimination" under the ECOA, a plaintiff must allege (1) that he was denied credit based on his membership in a suspect class or (2) that he "has in good faith exercised any right under the Consumer Credit Protection Act". (Motion for Judgment R&R at 5-7, Pg. ID 446-448.) The Magistrate Judge then noted that Umney did not claim to be a member of a suspect class. (*See id.*) She also explained that Umney's First Amended Complaint, when read in its entirety (including the attached exhibits), did not allege that Umney had exercised any right under the Consumer Credit Protection Act. (*See id.*) The Magistrate Judge thus concluded that Umney's claim failed as a matter of law. (*See id.*)

Umney raises three objections (which he mis-numbers as four objections) to the Motion for Judgment R&R. (*See* ECF #48.) First, Umney complains that he was not allowed to file a Second Amended Complaint. (*See id.* at 1-2, Pg. ID 451-452). But Umney never provided a proposed version of that Complaint to the Magistrate Judge nor did he adequately explain what amendments he sought to include in a second amended pleading. In his objections to the Motion for Judgment R&R, Umney made a passing reference to asserting a claim under 15 U.S.C. § 1692e(10), which addresses the use of false representations or deceptive

4

means in the debt collection process (*see id.* at 3, Pg. ID 453). But Umney never sufficiently explained the factual or legal bases for that proposed claim. Furthermore, for the reasons explained by Defendants, Umney could not have asserted a viable claim under this statute. (See ECF # 49 at 3, Pg. ID 463.)

Second, Umney complains that the Magistrate Judge did not allow him to conduct discovery to develop support for the "new counts" he sought to add in a second amended complaint.  (*See* ECF #48 at 2-4, Pg. ID 452-453.)  But because Umney failed to plead any viable claims, he had no right to conduct any discovery – and certainly no right to conduct discovery in an attempt to develop support for some "new" but yet-unpleaded claims.

Finally, Umney objects that the Magistrate Judge applied the wrong legal standard and held his First Amended Complaint to an unfairly high pleading standard.  (*See id.* at 4-7, Pg. ID 453-457.)  She did not.  The Magistrate Judge cited the proper governing standard from Sixth Circuit authority and reasonably applied that authority to Umney's pleadings.[1]

The Court has also reviewed *de novo* the portions of the Preliminary Injunction R&R to which Umney has objected.  (*See* ECF #42.)  For the reasons stated above, and those stated in Defendants' response to Umney's objections (*see*

---

[1] Likewise, the Court does not believe the Magistrate Judge erred when she declined to hold oral argument on the Preliminary Injunction Motion or the Motion for Judgment (*see* ECF #40), and the Court overrules Plaintiff's objection that he should have been granted such argument.  (*See* ECF #43.)

ECF #45), the Court overrules Umney's objections.  Moreover, and in any event, because the Court is dismissing this action with prejudice, any request by Umney for a preliminary injunction is moot.

## CONCLUSION

In sum, the Court finds no merit in Umney's objections to the Motion for Judgment R&R.  Accordingly, **IT IS HEREBY ORDERED** that:

- Umney's objections to the Motion for Judgment R&R (ECF #48) and the Preliminary Injunction R&R (ECF #38) are **OVERRULED**;
- Umney's objections to the failure to hold oral argument (ECF #43) are **OVERRULED**;
- The Preliminary Injunction R&R (ECF #38) and the Motion for Judgment R&R (ECF #46) are **ADOPTED** as the Opinion of this Court;
- The Preliminary Injunction Motion (ECF #18) is **DENIED**; and
- The Motion for Judgment (ECF #37) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 9, 2015

6

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 9, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113